IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| STACIE LASHAY SHIVER, | ) |
| | ) |
|    Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACT. NO. 1:14cv1165-CSC |
| | ) |
| CAREER CONSULTANTS, INC., | ) |
| doing business as | ) |
| FORTIS COLLEGE DOTHAN, | ) |
| | ) |
|    Defendant. | ) |

**MEMORANDUM OPINION and ORDER**

This case is presently set for trial on January 11, 2016. Pending before the court are the defendant's motion *in limine* (doc. # 73) and the plaintiff's motion *in limine* (doc. # 79) filed on December 21, 2015. The court heard oral arguments on the motions on January 5, 2016. Upon consideration of the motions, as stated in open court, and for good cause, the motions will be granted in part and denied in part.

In her motion *in limine*, the plaintiff seeks to prohibit the defendant from referring to any findings of the Equal Employment Opportunity Commission ("EEOC") related to her EEOC charges. *See* Doc. # 79. As stated in court, this aspect of the motion be and is hereby GRANTED.

The plaintiff also sought to "bind the defendant" to prior sworn testimony related to the setting of her pay. During oral argument, the plaintiff withdrew this aspect of the motion *in limine* and thus, this aspect of the motion be and is hereby DENIED as MOOT.

Finally, the plaintiff seeks permission to use leading questions when examining current and former employees of the defendant, pursuant to FED.R.EVID. 611(c).  This aspect of the motion be and is hereby GRANTED.  The court will permit the plaintiff to utilize leading questions during the examination of current and former employees of the defendant.

In it's motion *in limine* (doc. # 73), the defendant seeks to exclude evidence related to claims that did not survive summary judgment, antidotal statistics, "Golden Rule argument," pre-trial discovery requests and subpoenas, settlement discussions, pretrial motions, the plaintiff's good character, the plaintiff's counsel's experience, and motions *in limine*.  The plaintiff has no objection to excluding evidence in these areas. Accordingly, the defendant's motion *in limine* with respect to these areas be and is hereby GRANTED.

The defendant also seeks to exclude evidence of its financial condition.  The plaintiff opposes the motion in this regard because she contends that evidence of the defendant's financial condition is relevant to the issue of damages.  There remains in this case a claim for punitive damages pursuant to 42 U.S.C. § 1981.  A party's financial condition is relevant to the claim for punitive damages.  *See City of Newport v. FACT Concerts, Inc.*, 453 U.S. 247, 270 (1981).  However, the defendant's financial condition is obviously not relevant to claims for compensatory damages or back pay.  Accordingly, the motion *in limine* be and is hereby GRANTED to the extent that evidence of the defendant's financial condition shall be disallowed as to the plaintiff's claims for compensatory damages and back pay.  However, evidence of the defendant's financial condition will be allowed on the claims for punitive damages.  The court will instruct the jury and the court is confident the jury will be able to

distinguish between what evidence it may consider on the damages issues.

The defendant also seeks to limit opinion testimony of Benjamin Coale. To the extent that the plaintiff seeks to ask about Mr. Coale's opinions, the motion *in limine* be and is hereby GRANTED. However, the plaintiff is not prohibited from asking Mr. Coale questions about factual matters.

With respect to the defendant's motion *in limine* to prohibit testimony regarding the plaintiff's promotion, the motion be and is hereby DENIED as the matter is relevant and any confusion can be addressed on examination and cross-examination.

Finally, the defendant seeks to limit evidence related to other litigation against it, negative references to the for-profit in which it is engaged, and other claims of race and gender discrimination leveled against it. With respect to these areas, the motion *in limine* be and is hereby DENIED without prejudice to the parties raising the issues at trial. Counsel are DIRECTED, prior to the commencement of the introduction of this evidence at trial, to notify both the court and opposing counsel, and to allow the court an opportunity to rule on the admissibility of this evidence.

Accordingly, for good cause, it is

ORDERED that the defendant's motion *in limine* (doc. # 73) and the plaintiff's motion *in limine* (doc. # 79) be and are hereby GRANTED in part and DENIED in part as stated herein.

Done this 6th day of January, 2016.

                                              /s/Charles S. Coody
                                              CHARLES S. COODY
                                              UNITED STATES MAGISTRATE JUDGE